David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DEWANN WILLIAMS*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DEWANN WILLIAMS, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, INC., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, DEWANN WILLIAMS, by undersigned

counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the

harassment of Plaintiff by the Defendant and its agents in their illegal efforts to

collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

3.     The Plaintiff, DEWANN WILLIAMS ("Plaintiff" or "Mr. Williams"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     PRA at all times acted by and through one or more of its debt collectors or other agents (the "Collectors").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

6.     Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to PRA for collection, or PRA was employed by the Creditor to collect the Debt.

9.     The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**PRA Engages in Illegal Collection Tactics**

**FACTS**

10.    In early 2017, struggling to meet his financial obligations, Plaintiff found himself unable to repay all household bills as they came due.  Specifically, Plaintiff had surgery on his back and was designated as "disabled" shortly thereafter resulting in a significant loss of income.

11.    Accordingly, Plaintiff defaulted on the Debt.

12.    In February 2017, Plaintiff started receiving calls from PRA.

13.    On March 8, 2017, Plaintiff told a PRA representative to stop contacting Plaintiff.

14.    However, Plaintiff continued to receive harassing calls almost daily from PRA.

15.    Plaintiff made numerous requests to PRA demanding that PRA stop

3

contacting Plaintiff, including but not limited to speaking to at least three PRA representatives – one named Brian – who acknowledged Plaintiff's demand that PRA stop contacting the Plaintiff.

16.     Nonetheless, the calls from PRA continued, so on or about April 27, 2017, Plaintiff sent a letter to PRA via certified mail demanding that PRA cease all communications to Plaintiff.

17.     Several days later on or about May 2, 2017, Plaintiff received proof of service that PRA was in receipt of the certified mail.

18.      PRA has ignored Plaintiff's requests to cease communications and PRA has continued to call Plaintiff on numerous occasions.

19.     Specifically, Plaintiff received yet another call on June 2, 2017 at 1:34pm, well over a month after PRA received the cease and desist letter from the Plaintiff.

20.     Since PRA's collection efforts appear to have no end in sight, this suit results.

## Plaintiff Suffered Actual Damages

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of PRA's unlawful conduct.

22.     As a direct consequence of Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional

distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has

otherwise been totally annoyed by Defendant's intrusive and illegal collection

calls.  Plaintiff has also lost the use of personal and family time while enduring

these frustrations, as well as lost time and minutes from cell phone use, for which

the Plaintiff is charged a fee.

## Respondeat Superior Liability

23.     The acts and omissions of PRA, and the other debt collectors employed

as agents by PRA who communicated with Plaintiff as more further described herein,

were committed within the time and space limits of their agency relationship with

their principal, Defendant PRA.

24.     The acts and omissions by PRA and these other debt collectors were

incidental to, or of the same general nature as, the responsibilities these agents were

authorized to perform by PRA in collecting consumer debts.

25.     By committing these acts and omissions against Plaintiff, PRA and

these other debt collectors were motivated to benefit their principal, Defendant PRA.

26.     PRA is therefore liable to Plaintiff through the Doctrine of Respondeat

Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not

limited to violations of the FDCPA and Nevada tort law, in their attempts to collect

a debt from Plaintiff.

## COUNT I

### Violations of the FDCPA
### (15 U.S.C. § 1692 *et seq.*)

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant continued collection communications with the Plaintiff even after the Plaintiff communicated, in writing, to the Defendant to cease and desist all further debt collection communications.

29.     The Defendant's conduct violated 15 U.S.C. § 1692d, d(5) and f in that Defendant caused the Plaintiff's phone to ring and/or engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass the Plaintiff in connection with the collection of a debt.  This conduct was also unfair.

30.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendant's violations.

32.     The Plaintiff has been required to retain the undersigned as counsel to

protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Punitive damages;

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.


///


///


///

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 26, 2017

Respectfully submitted,

By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DEWANN WILLIAMS*